FILED

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50040 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01142-VBF |
| v. | |
| GERALD PLAZE THOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Gerald Plaze Thomas appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Preliminarily, we reject the government's contention that we lack jurisdiction over this appeal. *See United States v. Dunn*, 728 F.3d 1151, 1158 (9th Cir. 2013).

Thomas contends the district court abused its discretion by failing to explain why it rejected Thomas's claims that (1) the Fair Sentencing Act of 2010 undermined the government's original sentencing argument that crack cocaine is more dangerous than powder cocaine, and (2) his recent criminal history was minor. The record reflects that the district court addressed these arguments, and provided a sufficient explanation to permit meaningful appellate review. *See United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

Thomas also contends that the district court erred by failing to consider whether reducing the sentence would endanger the community, pursuant to U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). The district court did not err because it adopted its prior finding that Thomas's underlying crime was "injurious to society," and concluded that Thomas failed to proffer any new evidence that would alter the district court's original conclusion.

Finally, Thomas contends that the district court abused its discretion by denying his motion because his positive attributes support a reduction in sentence. The court was aware of and considered Thomas's mitigating circumstances, but

properly based its decision to deny the motion on the need to protect the public and reflect the seriousness of the offense, and the need for deterrence. *See United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010).

**AFFIRMED.**

13-50040