**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-50186 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00463-PSG-1 |
| v. | |
| **ROBERT ALLEN KENT,** | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted January 8, 2014
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **REINHARDT** and **CLIFTON**, Circuit
Judges.

**1.** When a district court rejects a defendant's non-frivolous sentencing

argument, it must provide a reasoned explanation for its decision. See United

States v. Trujillo, 713 F.3d 1003, 1010–11 (9th Cir. 2013).  The district court

abused its discretion by failing to do so in response to Kent's assertion that the

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

distribution enhancement shouldn't apply.  See United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir. 2005).  Because we reverse for resentencing on this ground, we need not address Kent's claim that his sentence was substantively unreasonable.

**2.**  The district court didn't abuse its discretion by requiring Kent to participate in the Computer Monitoring Program as a condition of release.  It's entirely appropriate to leave "the details of what [monitoring] technologies should be used" to the Probation Office.  United States v. Quinzon, 643 F.3d 1266, 1274 (9th Cir. 2011).  If technology has changed by the time Kent is released from prison, and he believes that Probation has not met its "continuing obligation to ensure not only the efficacy of the computer surveillance methods used, but also that they remain reasonably tailored so as not to be unnecessarily intrusive," id., he may seek relief from the district court at that time.

**REVERSED AND REMANDED**