**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10125 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00549-WBS-1 |
| v. | |
| FRANCISCO MEDINA CASTENEDA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted December 18, 2013**

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Francisco Medina Casteneda appeals from the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Casteneda's sentence is within the modified Sentencing Guidelines range. However, he contends that he argued before the district court that the disparity between his sentence and the sentences of his co-conspirators warranted a sentence reduction under 18 U.S.C. § 3553(a)(6) and that the district court erred by failing to address that argument. Because Casteneda did not object below, we review for plain error. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). Casteneda has not shown plain error affecting his substantial rights. *See id.; see also United States v. Carty*, 520 F.3d 984, 992-93, 995-96 (9th Cir. 2008) (en banc). Casteneda's reliance on *United States v. Trujillo*, 713 F.3d 1003, 1008-10 n.5 (9th Cir. 2013), is misplaced because, unlike Casteneda, Trujillo raised extensive non-frivolous arguments tethered to specific § 3553(a) factors and received a sentence above the modified Guidelines range. In addition, Casteneda has not shown a reasonable probability that the sentence would have been different absent the alleged error. *See Dallman*, 533 F.3d at 761-62.

**AFFIRMED**.