**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50187 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00840-DMS-1 |
| v. | |
| ULISES LOPEZ-ROSAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 18, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Ulises Lopez-Rosas appeals from the district court's judgment and

challenges the five-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lopez-Rosas contends that the district court procedurally erred by failing to respond to his argument, based on U.S.S.G. § 5D1.1, for why he should receive a three-month concurrent sentence. This contention is belied by the record. The district court addressed the argument in a manner that is adequate for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

In addition, the below-Guidelines sentence is not substantively unreasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including the fact that Lopez-Rosas breached the court's trust by committing a felony immigration offense while he was on supervised release in connection with a prior felony immigration offense. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.3(f) (advising that a sentence imposed upon revocation of supervised release should be consecutive to any sentence imposed for the conduct that is the basis for the revocation); *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (recognizing that the primary reason for imposing a sentence upon revocation of supervised release is to sanction the defendant's breach of trust, and holding that "a district court may properly look to and consider the conduct underlying the revocation as one of the many acts contributing to the severity of the violator's breach of trust").

**AFFIRMED**.