**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10278 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00091-HDM-VPC-1 |
| v. | |
| VINCENT CHARLES FASONE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted March 14, 2014**
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and HUCK, Senior District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Vincent Fasone appeals his 150-month sentence for one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Fasone's sentence included a two-level enhancement for an offense involving the use of a computer and an eight-level enhancement for an offense involving a minor under the age of twelve.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fasone contends that the district court did not adequately consider Fasone's untreated post-traumatic stress disorder related to his military service. But the district court did consider Fasone's military service and the potential impact it had on Fasone's mental health, along with the 18 U.S.C. § 3553(a) factors, especially protection of the public. In giving Fasone a mid-Guidelines sentence of 150 months, the district court sufficiently explained that it would have given a sentence at the high end of the Guidelines range but for Fasone's military service and a mental health condition that was either created by, or exacerbated by, his military service. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

---

[1] The district court also imposed a consecutive ten-year sentence for one count of commission of a felony sex offense by an individual required to register as a sex offender in violation of 18 U.S.C. § 2260A. Fasone does not object to this part of his sentence, but argues that the resulting 270-month total sentence is substantively unreasonable.

Fasone also contends that the district court did not adequately explain its reasons for rejecting Fasone's non-frivolous arguments that his sentencing enhancements lacked empirical foundation. The record reflects otherwise. The district court explained its rejection of Fasone's argument against the two-level enhancement for use of a computer, noting that Fasone used a computer as a substantial instrument to advance his offense. The district court rejected Fasone's argument against the eight-level enhancement for an offense involving a minor under the age of twelve, stressing its legitimate penological purpose. Fasone challenges the depth and specificity of the district court's explanations, but the district court was not required to provide a more detailed explanation. *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 920 (9th Cir. 2011); *Carty*, 520 F.3d at 992-93. We hold that the district court gave sufficient reasoning to permit appellate review of the mid-range sentence it imposed and its reasons for rejecting Fasone's arguments for a minimum mandatory sentence of ten years. *See United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013).

Also, considering the § 3553(a) sentencing factors and the totality of the circumstances, Fasone's 270-month sentence is substantively reasonable. *See Carty*, 520 F.3d at 993.

**AFFIRMED**.

-3-