FILED
United States Court of Appeals
Tenth Circuit

March 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JESUS MENDOZA, a/k/a Silva,

      Defendant - Appellant.

No. 15-3151
(D.C. No. 6:02-CR-10074-MLB-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

After the United States Sentencing Commission adopted a retroactive amendment

to the Sentencing Guidelines for various drug offenses, Defendant moved for a reduction

in his sentence. The district court denied the motion because Defendant's present

sentence is below the guideline sentencing range computed under the amended

guidelines. Defendant appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

On November 20, 2006, Defendant pleaded guilty in the United States District

Court for the District of Kansas to violations of 21 U.S.C. §§ 846, 841(a)(1), and

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

856(a)(1). The district court, without objection from Defendant, calculated a guideline sentencing range of 324–405 months but varied downward and sentenced Defendant to 240 months' imprisonment.

The Sentencing Commission later adopted Amendment 782, which reduces by two levels many of the base offense levels assigned for drug offenses. The amendment is retroactive. Applying it to Defendant would reduce his guideline sentencing range from 324–405 months to 262–327 months. Although it is not in the record, a document from Defendant was construed by the district court as a motion to reduce his sentence because of the amendment.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (*quoting* 18 U.S.C. § 3582(c)). But an exception lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In that event the sentencing court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a)." *Id.* Any reduction under § 3582(c)(2) must, however, be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement is found at USSG § 1B1.10, "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)." *See Dillon*, 560 U.S. at 827 ("§ 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification."). Unless the defendant originally received a guideline-range reduction for providing substantial

2

assistance to authorities, *see* USSG § 1B1.10(b)(2)(B)—which Defendant did not—that policy statement does not authorize a reduction if the defendant's existing sentence is lower than the low end of the guideline range computed under the amendment. *See id.* § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range."). Because Defendant's existing sentence was 240 months and his amended range was 262–327 months, he was not eligible for a reduction under § 3582(c)(2). The district court properly dismissed his motion.

Defendant claims that the district court erred in denying a reduction without considering any of the factors set forth in 18 U.S.C. § 3553(a). And he complains that the document construed by the court as a motion under § 3582(c) was in fact merely a letter asking how to prepare a motion for a sentence reduction based on Amendment 782, so the court's misconstruction denied him the opportunity to present a more complete § 3582(c) motion addressing his entitlement to a reduction under the § 3553(a) factors. For his contention that the district court was required to address the § 3553(a) factors, Defendant relies on *United States v. Trujillo*, 713 F.3d 1003 (9th Cir. 2013). But he misreads that decision. In *Trujillo* the Ninth Circuit held that the defendant was eligible for a reduction and *then* ordered the district court to address the § 3553(a) factors in considering whether to grant one. *See id.* at 1006–11. Here, Defendant was not eligible, so the district court correctly did not address the § 3553(a) factors. *See Dillon*, 560 U.S. at 827. And because there was no need to address the § 3553(a) factors, any misconstruction of Defendant's letter that denied him the opportunity to discuss them was

harmless error. *See United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006) ("Harmless error is that which did not affect the district court's selection of the sentence imposed.") (internal quotation marks omitted).

We AFFIRM the district court's denial of Defendant's motion under § 3582(c)(2). Appellant's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge