**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 27 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10466 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00131-LRH-VPC-2 |
| v. | |
| ENRIQUE BUENROSTRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendant Enrique Buenrostro appeals the district court's orders denying the

parties' joint stipulation for a sentence reduction and his motion to reconsider. We

have jurisdiction under 28 U.S.C. § 1291.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After a guilty plea to a single count of heroin distribution near a school and aiding and abetting, Buenrostro received a sentence of 78 months of imprisonment. He later moved for a sentence reduction following a retroactive change to the U.S. Sentencing Guidelines. The parties agree that Buenrostro is statutorily eligible for a sentence reduction under Amendment 782, and they agree on his new guideline range under the Amendment. The district court declined to reduce Buenrostro's sentence under the revised guideline range, ruling that the original 78-month sentence was reasonable on the basis of several factors. Because our precedent required the district court to provide some explanation for rejecting a defendant's non-frivolous arguments about post-sentencing rehabilitation, we vacate and remand for resentencing.

"A district court is required to 'consider' the § 3553(a) factors both in the initial imposition of a sentence and in any subsequent reduction of a sentence after the modification of a guidelines range by the Sentencing Commission." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) (citing 18 U.S.C. § 3582(a); 18 U.S.C. § 3582(c)(2)). "[P]ost-sentencing or post-offense rehabilitation— particularly in light of its tendency to reveal a defendant's likelihood of future criminal conduct—[is] a critical factor to consider in the imposition of a sentence." *Id.* at 1010. "[W]hile a district judge need not enumerate every factor supporting a particular sentence, '[a] statement of reasons is important. The sentencing judge

should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). "[A] mere statement that the judge had read the papers" is not, "by itself and automatically, sufficient as an explanation of the judge's treatment of the § 3553(a) factors." *Id.*

Here, the district court's order denying reconsideration said nothing about Buenrostro's post-sentencing conduct.[1] Instead, it focused exclusively on his prior criminal history. The government argues that the district court did consider Buenrostro's arguments but found them to be outweighed by the negative factors set forth in its orders. In support, the government points to the district court's introductory statement—"Before the Court is Defendant Enrique Buenrostro's [ ] Motion for Reconsideration of the Court's Order Denying the Joint Stipulation for a Reduction of Sentence." But under *Trujillo*, this is not enough. *See id.* (holding that a statement that the judge had read the papers is not, "by itself and

---

[1] An abbreviated summary of Buenrostro's post-sentencing history was before the court at the time of its original ruling. Because the parties had stipulated to a sentence reduction, Buenrostro did not originally present any evidence of his rehabilitation to the district court. Consequently, the district court's first order could not have considered most of his post-sentencing conduct. In its order denying reconsideration, the district court did not fault Buenrostro for failing to submit more supporting materials with the parties' stipulation, nor did the court otherwise suggest that any issue had thereby been waived.

automatically, sufficient as an explanation of the judge's treatment of the § 3553(a) factors").

Because this procedural error requires us to vacate and remand for resentencing, we do not reach Buenrostro's other arguments.

For the foregoing reasons we **VACATE** and **REMAND FOR RESENTENCING.**