
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50135 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-01332-JAH-1 |
| v. | |
| RAUL VILLARREAL, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50136 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-01332-JAH-2 |
| v. | |
| FIDEL VILLARREAL, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

Defendants Raul and Fidel Villareal challenge their sentences on several grounds.

1. Reviewing for abuse of discretion, Gall v. United States, 552 U.S. 38, 51 (2007), we reject Defendants' arguments that their sentences are procedurally unreasonable.

a. The district court adequately explained why it found that the cases cited by Defendants did not establish unwarranted sentencing disparities. See United States v. Trujillo, 713 F.3d 1003, 1011 (9th Cir. 2013) ("[A] sentencing judge presented with nonfrivolous arguments on § 3553(a) factors should ordinarily explain why he rejects them."). Although the court referred to only one of Defendants' cited cases by name, it made clear that it found Defendants' conduct here far more egregious than that in the other, cited cases.

b. The court also adequately explained the extent of its departures and the ultimate sentences it imposed. See United States v. Rudd, 662 F.3d 1257, 1260 (9th Cir. 2011) ("A sentencing judge must explain a sentence sufficiently to communicate that a reasoned decision has been made and permit meaningful

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

appellate review." (internal quotation marks omitted)).  It is evident from the record that the court thought that Defendants' abuse of their official positions to carry out a scheme whose goal was directly contrary to the mission of Defendants' agency, coupled with Defendants' violent efforts to obstruct justice, warranted sentences well above the pre-departure Guidelines ranges.

c.  The district court did not rest its sentencing decisions on clearly erroneous facts.  See Gall, 552 U.S. at 51 (listing "selecting a sentence based on clearly erroneous facts" as a "significant procedural error").  The court's finding that Defendants' smuggling scheme involved 1,000 aliens was not clearly erroneous, even assuming that the court had to find that fact by clear and convincing evidence.  Furthermore, we are convinced that, even if the evidence had supported a finding of only 400 aliens, as Defendants argue, the district court still would have selected the same ultimate sentences, thus rendering any error harmless.  See United States v. Ellis, 641 F.3d 411, 423 (9th Cir. 2011) (discussing how, in evaluating the effect of a district court's factual error on a sentence, we look at the error's effect on the ultimate sentence imposed, not its effect on a particular departure).  The primary drivers behind the lengthy sentences were Defendants' abuse of their positions and their efforts to obstruct justice.

3

2. Reviewing Defendants' Fifth Amendment arguments de novo, United States v. Bahr, 730 F.3d 963, 965 (9th Cir. 2013), we conclude that the district court did not impermissibly draw adverse inferences from their silence or punish them for failure to cooperate. See Mitchell v. United States, 526 U.S. 314, 329–30 (1999) (holding that a court may not draw an adverse inference from a defendant's silence when determining the facts of the offense at sentencing); United States v. Safirstein, 827 F.2d 1380, 1388 (9th Cir. 1987) ("[A] sentencing judge may not penalize the exercise of a defendant's privilege against self-incrimination by enhancing his sentence based upon the defendant's failure to cooperate by implicating other persons or otherwise admitting guilt to crimes with which he is not charged."). The only statement made by the district court that came close to being problematic was its comment regarding Defendants' "remaining mum." But that comment, considered in context, was an explanation for the relatively lenient sentences imposed in cases that the court was comparing to this case for purposes of 18 U.S.C. § 3553(a)(6). Because "a sentencing disparity based on cooperation is not unreasonable," it was proper for the court to consider Defendants' lack of cooperation in the § 3553(a)(6) context. United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009).

4

3. The district court did not err by considering acquitted, dismissed, and uncharged conduct when it compared Defendants to similarly situated defendants for purposes of § 3553(a)(6). In comparing defendants under § 3553(a)(6), a court will almost necessarily have to consider the facts of the cases, including acquitted conduct, in order to tell whether the defendants are similarly situated and, if so, whether any sentencing disparities are "unwarranted." Defendants' Fifth and Sixth Amendment arguments are similarly unavailing. See United States v. Treadwell, 593 F.3d 990, 1017–18 (9th Cir. 2010) (rejecting the Sixth Amendment argument advanced by Defendants); United States v. Mezas de Jesus, 217 F.3d 638, 642 (9th Cir. 2000) (noting that the Fifth Amendment may require the government to prove certain facts by clear and convincing evidence at sentencing, but that such facts may still underlie a sentence).

4. The district court did not abuse its discretion by imposing on Raul and Fidel sentences of 336 and 270 months, respectively. See United States v. Autery, 555 F.3d 864, 871 (9th Cir. 2009) (holding that the substantive reasonableness of a sentence is reviewed for abuse of discretion). Although Defendants' sentences are significantly lengthier than the top end of their pre-departure Guidelines ranges, we are not persuaded that this is the "rare case" in which it is clear that the sentencing

5

court committed a clear error of judgment. <u>United States v. Ressam</u>, 679 F.3d 1069, 1086–88 (9th Cir. 2012) (en banc).

5. The district court did not err in calculating Fidel's Guidelines range by applying a two-level enhancement for bodily injury. We review for abuse of discretion the district court's determination as to "whether the specific constellation of facts at issue meets the governing legal standard" set out in the Guidelines. <u>United States v. Gasca-Ruiz</u>, 852 F.3d 1167, 1171 (9th Cir.) (en banc), <u>cert. denied</u>, 138 S. Ct. 229 (2017). Here, the court did not abuse its discretion in determining that the relevant injuries were "painful and obvious." U.S.S.G. §§ 1B1.1 cmt. n.1(B), 2L1.1(b)(7)(A) (2015).

**AFFIRMED.**