**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50136 |
| Plaintiff-Appellee, | D.C. Nos. 3:21-cr-00139-TWR-1 3:21-cr-00139-TWR |
| v. | |
| DOROTEO RUIZ-HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted February 10, 2022
Pasadena, California

Before: SCHROEDER, LIPEZ,[**] and LEE, Circuit Judges.

Doroteo Ruiz-Hernandez appeals his 36-month sentence for illegal reentry in

violation of 8 U.S.C. § 1326. The sentence exceeded the government's request by

nearly 24 months. The sentence was also 12 months above the presentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

report's recommendation, which represented the high end of the guideline range. We remand for resentencing.

The district court relied on Ruiz-Hernandez's criminal and removal history to support the sentencing decision, stating that the unlawful reentry at issue followed a second deportation. The timeline the court described was inaccurate, however, as the defendant had been deported only once. Ruiz-Hernandez provided evidence of rehabilitation that the district court did not address and that related both to the 18 U.S.C. § 3553 factors and to the court's recidivism concerns. *See United States v. Trujillo*, 713 F.3d 1003, 1008-09 (9th Cir. 2013). The court did not explain its rejection of the parties' joint request for a downward variance on account of the defendant's waiver of indictment and of any claim that the prosecution violated a right to speedy trial.

The Supreme Court has held that when a federal court imposes a sentence outside the guideline range, it must provide a justification that supports the degree of variance. *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Carty*, 520 F.3d 984, 990-93 (9th Cir. 2008). A sentence like the one the district court imposed, constituting a major departure from the guideline range, requires a significant justification. *Id.* The district court in this case did not provide an

analysis that would support this significant variation from the guidelines and even greater variation from the government's recommendation.

The motion to take judicial notice of removal documents is granted.

**Vacated and Remanded**.