NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50315 |
| Plaintiff-Appellee, | D.C. No.<br>2:19-cr-00155-SVW-1 |
| v. | |
| CUALTEMO VALDEZ, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 10, 2022[**]
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges, and DANIELS,[***] District
Judge.

Cualtemo Valdez, Jr. appeals his sentence following guilty pleas to one

count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable George B. Daniels, United States District Judge for the
Southern District of New York, sitting by designation.

(b)(1)(C) and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the sentence except, at the request of both parties, we remand for the limited purposes of (1) removing Standard Condition 14 and "leav[ing] it for the district court on remand to craft a supervised release condition that accords with [Valdez's] criminal history," *see United States v. Magdirila*, 962 F.3d 1152, 1159 (9th Cir. 2020), and (2) conforming the written judgment with the oral pronouncement of the sentence.

The District Court did not err in failing to explicitly state each 18 U.S.C. § 3553(a) factor considered at sentencing because it was not required to "tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).[1] Moreover, the District Court adequately considered the § 3553(a) factors.

The District Court's explanation of the sentence outlined the need to "protect the public from further crimes . . . of this defendant," for "adequate deterrence," and it noted that the prior sentences did not deter the defendant from further criminal activity. The District Court also explained that it considered other sentences, the arguments of counsel, and the § 3553(a) factors. This explanation

---

[1] Because we conclude that the district court did not err, we do not address the government's argument that we should review for plain error.

2

allows this Court to adequately review for abuse of discretion. The sentence was within the Guidelines range and needs "little explanation." *Id*. Therefore, we reject Valdez's argument that the District Court erred in failing to provide an explanation on the record of its reasons for rejecting each of Valdez's nonfrivolous arguments tethered to a relevant § 3553(a) factor. *See id*. A district court has "no obligation to address and resolve each of [defendant's] arguments on the record," *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009), and in any event, the District Court's explanation that a longer sentence was necessary to protect the public was adequate for appellate review, *cf. United States v. Trujillo*, 713 F.3d 1003, 1009–10 (9th Cir. 2013).

The sentence imposed was substantively reasonable considering 18 U.S.C. § 3553(a). The District Court explained that it considered other sentences available and the arguments of counsel, but concluded that the sentence was needed to protect the public and deter the defendant. Considering, for example, the offense at hand, Valdez's six prior felony convictions, his history of drug use, his childhood ailments and hardships, and his initial denial of guilt, a within-Guidelines range sentence is reasonable under 18 U.S.C. § 3553(a).

Finally, the District Court should remove Standard Condition #14 from the written judgment and conform the written judgment with the oral pronouncement of the sentence.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**