NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50121 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cr-01265-MMA-1 |
| v. | |
| ENRIQUE INFANTE, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted March 7, 2023[**]
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and S. MURPHY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Enrique Infante, Jr., challenges the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c).  We affirm.

Infante argued below that receiving inadequate treatment for stage-II colon cancer qualifies as an "extraordinary and compelling reason[]" for a sentence reduction under § 3582(c)(1)(A)(i).  Even assuming arguendo that the district court erred in holding that inadequate medical care for a treatable illness is a categorically insufficient basis for early release, we hold that the district court permissibly concluded that the 18 U.S.C. § 3553(a) factors weigh against reducing Infante's sentence in any event.  *See United States v. Wright*, 46 F.4th 938, 947–48 (9th Cir. 2022).

The district court did not abuse its discretion in concluding that the § 3553(a) factors do not support Infante's release.  Contrary to Infante's contentions, the district court's ruling was neither inadequately explained nor predicated on an erroneous finding of material fact.

The district court "provide[d] a sufficient explanation of the sentencing decision to permit meaningful appellate review."  *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).  The court's ruling demonstrated that it "considered [Infante's] substantive arguments and offered a reasoned basis" for its decision.  *Wright*, 46 F.4th at 950 (internal quotation marks omitted).  Specifically, the court explained that Infante had served less than half of his sentence, that he

likely would not have received a lighter sentence under current law because of his long criminal history, and that Infante's good behavior was admirable but did not outweigh the competing considerations. Because the district court showed awareness of Infante's arguments and the § 3553(a) factors at issue, a lengthier explanation was not required. *See id.*

The district court's sentencing decision did not rest on a factual error. To be sure, the district court was initially confused about which crimes Infante had been convicted of. But Infante's counsel corrected that mistake, and the district court ultimately stated that the factual issue was "neither here nor there" for purposes of its ruling.

**AFFIRMED.**