NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50094 |
| Plaintiff-Appellee, | D.C. Nos. 3:11-cr-04153-WQH-10 3:11-cr-04153-WQH |
| v. | |
| ROBERT COTA, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 10, 2023**
Pasadena, California

Before: KLEINFELD, HURWITZ, and R. NELSON, Circuit Judges.

Robert Cota, Jr. appeals the district court's denial of his motion for a sentence

reduction and subsequent motion for reconsideration. This Court has jurisdiction

under 28 U.S.C. § 1291 and reviews for abuse of discretion. *United States v. Aruda*,

993 F.3d 797, 799 (9th Cir. 2021); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1140 (9th Cir. 2010). We affirm.

1. When a party "raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor[,] then the judge should normally explain why he accepts or rejects the party's position." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) (cleaned up). The district court adequately did so here. The court acknowledged Cota's arguments in favor of reduction, and concluded that "in light of the significant departure applied by the Court at the time of sentencing, the seriousness of the offenses," and Cota's history and characteristics, reducing the "sentence to time served would fail to protect the public, and fail to afford adequate deterrence to criminal conduct." *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–67 (2018) (upholding use of form order); *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (per curiam) (finding "minimal explanation" adequate). Having evaluated Cota's arguments under the § 3553(a) factors in both its original order denying sentence reduction and in its order denying reconsideration, the court was not required to explicitly reject every argument. *See United States v. Plascencia-Orozco*, 852 F.3d 910, 928 (9th Cir. 2017) (holding that the district court's failure to "directly address" two factors was not an abuse of discretion where other factors sufficiently supported the sentence imposed).

2. Because the district court's evaluation of the § 3553(a) factors independently justified denying sentence reduction, we need not consider whether

Cota established the "extraordinary and compelling reasons" also required under 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Wright*, 46 F.4th 938, 945–48 (9th Cir. 2022).

**AFFIRMED**.