**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHRISTOPHER ALLEN CAIN, AKA Christopher Cain Bey,<br><br>Defendant-Appellant. | No. 19-30047<br><br>D.C. No.<br>2:16-cr-00176-RMP-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHRISTOPHER ALLEN CAIN, AKA Christopher Cain Bey,<br><br>Defendant-Appellant. | No. 19-30048<br><br>D.C. No.<br>2:16-cr-00069-RMP-1 |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 1, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Defendant Christopher Allen Cain was tried and convicted on one count each of: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (2) possession with intent to distribute five grams (or more) of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). At his March 2019 resentencing,[1] the district court sentenced Cain to a total sentence of 270 months—150 months for the drug offense to run consecutively to 120 months for the firearms charge. Cain timely appealed this sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Cain argues that the district court's resentencing was not procedurally sound. It is "procedural error for a district court to . . . fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *United*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In a previous appeal, this court vacated and remanded Cain's initial sentence, but denied "Cain['s] challenges [to] the district court's denial of several pre-trial and trial motions: a motion to dismiss his indictment on speedy trial grounds; a motion to prevent the admission of drug evidence in his firearm case, and firearm evidence in his drug case; and a request for a specific jury instruction on impeachment." *United States v. Cain*, 754 F. App'x 538, 539 (9th Cir. 2018) (unpublished). We do not address Cain's restatement of these same arguments, as he acknowledges they are raised solely to preserve the arguments on appeal.

*States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "We review de novo whether the district court provided an adequate statement of reasons for the sentence it imposed."[2]  *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

Cain first argues that the district court committed procedural error by failing to address his argument that a mid-range sentence was appropriate in this case because a mid-range sentence had been entered at the initial sentencing. But the district court directly addressed this argument:

> I certainly, in the first sentencing hearing, was not looking to say that Mr. Cain's case was somehow in the midrange of cases. I think, actually, Mr. Cain's situation is quite extraordinary due to the extended criminal history, which I think seriously—the 13 points seriously underrepresents his actual criminal history. I chose a sentence then that I thought was sufficient but no greater than necessary. That was 300 months.

That Cain was not satisfied with this explanation does not mean that it was legally erroneous. *See United States v. Trujillo*, 713 F.3d 1003, 1011 (9th Cir. 2013)

---

[2] A district court judge "has the legal authority to impose a sentence outside the [Guidelines] range." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963 (2018). However, in doing so, the judge must: (1) "always take account of certain statutory factors" laid out in 18 U.S.C. § 3553(a), *id.*; (2) explain the selected sentence "sufficiently to permit meaningful appellate review," *Carty*, 520 F.3d at 992; and (3) state "the specific reason for the imposition of a sentence different from that described," 18 U.S.C. § 3553(c)(2).

(finding that a district court commits "legal error" in "not at all explain[ing] the reasons for rejecting" a defendant's arguments in support of a lower sentence).

Cain's second procedural argument is that the district court failed to sufficiently explain the reasons for the sentence it imposed. However, in determining the appropriate sentence, the court adequately weighed the § 3553(a) factors. The district court first weighed the nature and circumstances of the offense and found that drug distribution "is a crime against society" and that Cain's possession of a firearm "is inherently dangerous." The court next looked to the history and characteristics of the defendant, listing the many dangerous crimes Cain had committed in his past—including crimes that were not accounted for in his criminal history categorization. With respect to the need for this specific sentence, the court found that the sentence was needed considering: (1) "there has been no deterrence to criminal conduct that I can see through Mr. Cain's life," and (2) the need to protect the public from Cain. The court ultimately justified the overall sentence length by pointing to Cain's underrepresented criminal history: "[Cain]'s criminal history, including assaults and other physical injury to individuals, compels the [c]ourt to find that consecutive sentences totaling 270

months of imprisonment is sufficient, but no greater than necessary, considering the [§] 3553(a) factors and the sentencing guidelines."[3]

Cain also argues that the district court "failed to give any weight" to the Guidelines, instead using the applicable range as a tool to reach the sentence it wanted. However, as we have explained, the Sentencing Guidelines are but the "starting point and the initial benchmark" for a district court judge assessing the appropriate sentence. *Carty*, 520 F.3d at 991 (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). And though the district court rejected the mid-range sentence proposed by Cain, it (as discussed above) had good reason for doing so and its decision properly took into account the § 3553(a) factors.

Cain finally argues that the district court procedurally erred in applying the sentences consecutively rather than concurrently. But the Guidelines do not require concurrent sentencing and it is squarely within the discretion of the district court to determine whether to impose concurrent or consecutive sentences, *see* 18

---

[3] Cain also seems to assert that the district court gave too much weight to a single § 3553(a) factor, while failing to sufficiently consider the other factors—an error that could merit reversal. *See United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009) (per curiam). However, because Cain has failed to properly develop this argument in his briefing, this argument is waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.").

U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively . . . ."). And, "in determining whether the terms imposed are to be ordered to run concurrently or consecutively," the court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [§] 3553(a)." *Id.* § 3584(b). Because Cain points to no specific factors the district court failed to consider in making its determination, his argument that the court committed procedural error in applying these sentences consecutively fails.

2.       Cain next argues that the sentence imposed was substantively unreasonable. Our review of sentencing decisions is "limited to determining whether they are 'reasonable,'" and the applicable standard of review is abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007).

Cain first argues that his sentence is substantively unreasonable because there was a lack of aggravation regarding the drug offense. But this argument contradicts record evidence. Indeed, the government has shown that: (1) the officers searching the vehicle found a bag containing methamphetamine, two scales of the type used for weighing controlled substances, several small Ziploc bags the officers suspected were used for distribution, and one bag containing a large methamphetamine crystal; and (2) Cain was caught attempting to sell cocaine

6

to undercover police on a number of occasions. Though it is true that Cain may not have been the lynchpin of a large drug-distribution operation, the district court did not make its sentencing determination on this basis.

Cain next argues that, "[i]n regard to the firearm, once again the evidence is not particularly aggravated." But, again, the record contradicts this assertion. Indeed, the evidence indicates that: (1) the gun was located less than a foot away from the drugs, was fully loaded, and had a bullet in the chamber; (2) the officers found more than 20 additional rounds of ammunition and a speed loader located in the car; and (3) just weeks after his arrest for the actions charged in this case, Cain discharged a gun outside a mini mart in the direction of a vehicle and an individual. Based on the record as a whole, there is no indication that the district court abused its discretion in determining that the 270-month sentence imposed was reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc).

**AFFIRMED.**