NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10120 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-01420-SPL-2 |
| v. | |
| BRANDON TREVOR BALL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted January 11, 2022**
San Francisco, California

Before: GOULD, BENNETT, and R. NELSON, Circuit Judges.

Brandon Ball appeals the denial of his compassionate release motion. A court

may reduce a sentence, after considering the sentencing factors in 18 U.S.C.

§ 3553(a), if it finds that extraordinary and compelling reasons warrant a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Ball argues the court misapplied this standard. We

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and affirm.

Ball "organized telemarketing rooms . . . where interstate telephone calls were placed purporting to offer an investment opportunity. The calls targeted senior citizens." A magistrate judge detained Ball pretrial, noting in part that his "repeated and significant gambling . . . demonstrates that [he] is not a stable individual." Ball pleaded guilty to one count of Mail Fraud in Connection with Telemarketing, 18 U.S.C. § 1341.[1]

Ball filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Ball is morbidly obese, which the CDC recognized creates a higher risk for severe COVID-19 infection. The government agreed that as a result, Ball "demonstrated an 'extraordinary and compelling reason' making him eligible for compassionate release." The government conceded that Ball "meets the requisite threshold condition for the Court to apply its discretion and weigh danger and the sentencing factors."

The government argued that Ball's "remote history . . . presents a more than *de minimis* level of physical danger," and that Ball presents an economic danger based on "the very recent and multi-year felonious activity" of the instant offense. Ball argued that 18 U.S.C. § 3582(c)(1)(A) does not require a dangerousness

---

[1] Ball was sentenced to sixty months in prison and ordered to pay $2,704,325.00 in restitution. His scheduled release date is January 28, 2023.

analysis under 18 U.S.C. § 3142(g). He also argued that because he has not received any disciplinary infractions while incarcerated, and because his offense was non-violent, he does not pose a danger to the community.

The district court applied a four-factor test created to determine, in the bail hearing context, whether to grant temporary pretrial release under 18 U.S.C. § 3142(i) during the pandemic. Courts evaluate "the original grounds for . . . pretrial detention;" "the specificity of the . . . COVID-19 concerns;" "the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant;" and "the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *United States v. Steinbart*, No. CR-20-004850-01-PHX-SPL, 2020 WL 7123027, at *3 (D. Ariz. Dec. 4, 2020) (quoting *United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020)). The district court found that "[b]ecause [Ball] has already contracted the COVID-19 virus, he is unlikely to contract or spread COVID-19 again, at least any time soon," and that Ball "has not shown a susceptibility to COVID-19 reinfection." The court also found that Ball "is a danger to the community" based on the instant offense, his prior false reporting conviction, his gambling addiction, and his "history generally." "Weighing the fact that [Ball] is an economic danger to the community together with the fact that he has not shown a susceptibility to COVID-19 reinfection," the court did not find an extraordinary and compelling reason to grant compassionate release.

3

This court reviews "§ 3582(c)(1) sentence reduction decisions for abuse of discretion." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). "A district court may abuse its discretion if it does not apply the correct law or of it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)).

The district court abused its discretion by applying an incorrect legal standard. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (finding that the district court "abused its discretion by omitting the correct legal standard altogether"). The four-factor test governs the *temporary* release of a person whose "pretrial detention was warranted on the grounds that no condition or combination of conditions would reasonably assure defendant is not a flight risk and/or not pose a risk of harm to others." *Terrone*, 454 F. Supp. 3d at 1022. The test does not apply to a motion for the modification of a sentence.

But as the government argued, the district court's dangerousness finding makes the court's error harmless.[2] *See United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that an error "must have affected the outcome of the district court proceedings"). "[D]anger [to the community] may, at least in some cases,

---

[2] Because we find the dangerousness analysis sufficient for denying compassionate release, we do not reach the other alleged abuses of discretion regarding the district court's conflation of the two steps of 18 U.S.C. § 3582(c)(1)(A)(i), or its findings on COVID-19 reinfection.

4

encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992). Though the court did not "mention[] '§ 3553(a),' it may be clear from the court's experience and consideration of the record that the factors were properly taken into account." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). The court noted its receipt of the parties' filings, which discussed § 3553(a). *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). The court stated that Ball "is serving a 60-month sentence [for] leading a telemarketing operation that defrauded elderly consumers of over a million dollars." This reference considers "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A), and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B). The court explicitly considered Ball's "history and characteristics," *id.* § 3553(a)(1), noting Ball "has a prior false reporting conviction and has an admitted gambling addiction." Considering Ball's charges and history, the court found him "a danger to the community," reflecting "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

**AFFIRMED.**