**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE LIZARRARAS-CHACON,
*Defendant-Appellant.*

No. 20-30001

D.C. No.
3:11-cr-00517-HZ-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted April 16, 2021
Seattle, Washington

Filed September 23, 2021

Before: Michael Daly Hawkins and M. Margaret
McKeown, Circuit Judges, and Dean D. Pregerson,[*]
District Judge.

Opinion by Judge Pregerson

---

[*] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

Reversing the district court's denial of a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and remanding, the panel held that legislative and judicial developments affecting mandatory statutory minimums are relevant considerations to the 18 U.S.C. § 3553(a) factors at step two of a § 3582(c)(2) motion.

The parties agreed that Sentencing Guidelines Amendment 782 retroactively reduced the defendant's guideline range, making him eligible for a reduction under § 3582(c)(2). And the Government did not dispute that the defendant accurately presented the intervening developments affecting the mandatory minimum: (1) this court's decision in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), which established that the defendant was never lawfully subject to a 20-year mandatory minimum because his 2010 prior conviction was not an offense "punishable by imprisonment for more than a year"; and (2) the First Step Act of 2018's prospective reduction of the mandatory minimum from 20 to 15 years, and its replacing "felony drug offense" with "serious drug felony" as the predicate-offense requirement for triggering the mandatory minimum.

Because the district court appears to have erroneously concluded that it could not consider intervening

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

developments affecting the mandatory minimum in its § 3553(a) factor analysis, the panel concluded that the district court abused its discretion. The panel remanded for the district court to consider the fullest information possible, including the intervening changes in the law raised by the defendant, to ensure that the sentence is sufficient but not greater than necessary.

## COUNSEL

Elizabeth G. Daily (argued), Assistant Federal Public Defender, Portland, Oregon, for Defendant-Appellant.

Amy E. Potter (argued), Criminal Appellate Chief, United States Attorney's Office, Eugene, Oregon; for Plaintiff-Appellee.

## OPINION

PREGERSON, District Judge:

The sole issue in this appeal is whether legislative and judicial developments affecting mandatory statutory minimums are relevant considerations to the 18 U.S.C. § 3553(a) factors at step two of a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We hold that they are. Because the district court in this case appears to have believed that such developments did not fit within the § 3553(a) factors, and as such, that it did not have discretion to consider such developments, we reverse and remand.

*FACTUAL BACKGROUND & PROCEDURAL HISTORY*

A. *Plea Agreement and Sentencing*

On November 29, 2011, Jose Lizarraras-Chacon ("Defendant") was arrested and later charged by superseding indictment with conspiracy to possess with intent to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) (Count 1) and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) (Count 2). On October 24, 2012, the United States ("Government") filed an Information to Establish Prior Conviction under 21 U.S.C. § 851 to increase the mandatory minimum sentence based on Defendant's 2010 drug conviction in Clackamas County, Oregon for which Defendant was sentenced to 90 days in jail and 36 months of supervised probation. The Information charged that, as a result of the 2010 drug conviction, Defendant was subject to a mandatory minimum of 20 years under 21 U.S.C. § 841(b)(1)(A).

On the day of trial, Defendant and the Government entered into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the terms of the plea agreement, the parties agreed that Defendant would plead guilty to Counts 1 and 2, that the base offense level was 34, under the then-existing Drug Quantity Table for conduct involving between three and ten kilograms of heroin and that various guideline enhancements and reductions applied. The parties agreed to jointly

recommend a total sentence of 210 months of incarceration followed by five years of supervised release.[1]

On April 8, 2013, the district court adopted the parties' Guidelines calculations and found that Defendant's total Offense Level was 35, at Criminal History Category III. The Offense Level included enhancements for possession of a firearm, aggravating role as a leader, and using children in the offense. The resulting applicable guideline range at the time was 210–262 months. Because the district court accepted the parties' Rule 11(c)(1)(C) plea agreement, the recommended sentence was binding upon the court. Accordingly, the district court sentenced Defendant to 210 months' imprisonment, followed by five years of supervised release.

## B.  *First Motion for Reduction of Sentence*

On April 21, 2016, Defendant filed a pro se Motion to Reduce Sentence under 18 U.S.C. § 3582(c) based on Sentencing Guidelines Amendment 782, which reduced most base offense levels in the U.S.S.G. § 2D1.1 Drug Quantity Table by two levels. The district court subsequently appointed counsel to represent Defendant. Defendant and the Government filed a joint response to the motion in which the parties agreed that Amendment 782 retroactively reduced Defendant's guideline range, making Defendant eligible for a sentence reduction to 169 months. The Government opposed a reduction, however, as a matter of discretion based on the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)").

---

[1] Although the sentence imposed was below the mandatory minimum, that was for reasons not at issue in this appeal.

On June 2, 2017, the district court denied Defendant's motion. The court noted that "Defendant's 210-month sentence was the benefit of the bargain that he struck with [the Government] on the first day of trial to avoid the 240-month mandatory minimum that he was facing" and that "Defendant wanted a sentence that was less than the twenty-year minimum." After evaluating the § 3553(a) factors, the court concluded that Defendant's sentence should not be modified. Defendant did not appeal.

## C. *Second Motion for Reduction of Sentence*

On May 17, 2019, Defendant filed a second Motion for Reduction of Sentence based on Amendment 782. The district court again appointed counsel. Defendant argued that three intervening legal and judicial developments demonstrated that the 210-month sentence imposed was now greater than necessary to serve the purposes of sentencing and were relevant to the § 3553(a) factors. Specifically, Defendant argued that (1) the Ninth Circuit's decision in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), established that Defendant was never lawfully subject to a 20-year mandatory minimum because his 2010 prior conviction was not a "felony drug offense"; and (2) the First Step Act of 2018 abolished the 20-year mandatory minimum and replaced it with a 15-year minimum triggered by "more serious prior convictions, which would be inapplicable" to Defendant. Defendant also argued that evidence of his post-offense rehabilitation supported a sentence reduction.

On January 13, 2020, the district court denied Defendant's motion. The district court concluded that Defendant was eligible for a sentence reduction. However, the district court rejected Defendant's arguments that the developments in the law should be considered in the court's § 3553(a) analysis. The district court explained:

> [t]o the extent that [Defendant] may be arguing that changes to the relevant mandatory minimum under United States v. Valencia Mendoza . . . and the First Step Act of 2018 somehow change the [c]ourt's analysis of the § 3553(a) factors, the court does not agree. [Defendant] does not explain how changes to a mandatory minimum might fit within the § 3553(a) framework.

The district court noted the § 3553(a) factor that appeared to be most relevant to Defendant's arguments, § 3553(a)(4)(A), did "not appear to contemplate changes to a mandatory minimum by act of Congress or ruling from the courts." In a parenthetical, the district court then quoted *Hughes v. United States*, 138 S. Ct. 1765 (2018), for the apparent proposition that it would have imposed the same sentence, even if defendant had been subject to a lower range.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a)(1)–(2) and 28 U.S.C. § 1291. We review discretionary denials of 18 U.S.C. § 3582(c)(2) motions "for abuse of discretion, which occurs if the district court does not apply the correct law or predicates its decision on a clearly erroneous factual finding." *United States v. Trujillo*, 713 F.3d 1003, 1008 n.3 (9th Cir. 2013). The court reviews the district court's exercise of sentence reduction authority based on the § 3553(a) factors for reasonableness. *United States v. Dunn*, 728 F.3d 1151, 1158 (9th Cir. 2013).

## DISCUSSION

The parties agree that Defendant's motion for reduction of sentence under § 3582(c)(2) is analyzed under the two-step approach set forth in *Dillon v. United States* and further agree that only step two of the analysis is at issue. 560 U.S. 817, 827 (2010). At step two, a court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[2] *Id.*

## I. Intervening Developments Affecting a Mandatory Minimum are Relevant to a § 3553(a) Factor Analysis

### A. *The Intervening Developments at Issue*

The Government does not dispute that Defendant accurately presented the intervening developments affecting the mandatory minimum to the district court. Briefly, the first intervening development is this Court's decision in *Valencia-Mendoza*. At the time of sentencing, Defendant was subject to the then-existing 20-year statutory mandatory minimum as a result of a 2010 prior drug conviction because, based on existing precedent, the state statutory maximum exceeded one year, thereby qualifying the 2010 conviction

---

[2] The Government's initial position in this appeal was that under *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020), a district court could not consider the intervening changes in a § 3553(a) factor analysis. In a subsequent Rule 28(j) letter, the Government recognized that the § 3553(a) factors "may capture other changes in the law, for example, changes in the mandatory minimum sentences prescribed for the defendant's crime of conviction and defendant's current eligibility for it." We take the opportunity to reinforce the two-step approach set forth in *Dillon*.

as an offense "punishable by imprisonment for more than one year." *See* 21 U.S.C. § 802(44). In 2019, in *Valencia-Mendoza*, we overruled that precedent. *See* 912 F.3d at 1224 (holding that where an offense as "actually prosecuted and adjudicated—was punishable under [state] law by no more than six months in prison," the offense is not "punishable by more than one year") (overruling *United States v. Rios-Beltran*, 361 F.3d 1204 (9th Cir. 2004)); *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005); *United States v. Crawford*, 520 F.3d 1072 (9th Cir. 2008)). We held that a sentencing court must also consider state sentencing factors. *Id.* at 1222. In Defendant's case, as is undisputed by the Government, under state sentencing guidelines, Defendant's conviction could not result in a sentence of more than 180 days in jail. Therefore, under *Valencia-Mendoza*, if sentenced today, Defendant's 2010 conviction would not trigger the 20-year mandatory minimum.

The second intervening development is Congress's amendment to the mandatory minimum in the First Step Act in 2018. As relevant here, the First Step Act did two things: (1) prospectively reduced the mandatory minimum to 15 years and (2) amended the requirement for a predicate offense to trigger the mandatory minimum—now requiring a "serious drug felony" instead of a "felony drug offense." 21 U.S.C. § 841(b)(1)(A). A defendant sentenced after the effective date of the First Step Act who is otherwise identically situated to Defendant, with an identical prior conviction, would face a mandatory minimum sentence of only 10 years.

B. *Section 3553(a) Factors in a Motion for Reduction of Sentence under § 3582(c)(2)*

As part of the Sentencing Reform Act, § 3582(c)(2) furthers the Act's purpose of "creat[ing] a comprehensive

sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences." *Hughes*, 138 S. Ct. at 1776. Under § 3582(c)(2), a "district court[] may adjust sentences imposed pursuant to a range that the [Sentencing] Commission concludes is too severe, out of step with the seriousness of the crime and the sentencing ranges of analogous offenses, and inconsistent with the Act's purposes." *Id.* (citations and alteration omitted). To that end, after determining that a defendant is eligible for a sentence reduction, § 3582(c)(2) requires a district court to consider "Section 3553(a) [factors] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). Section 3553(a)'s "overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; [and] to protect the public." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting § 3553(a) and (a)(2)).

Section 3553(a) enumerates several factors that a court "shall consider":

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

§ 3553(a)(1)–(7).  We have explained that "[a]n analysis under § 3553(a) involves considering the totality of the circumstances, but '[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them.'"  *Dunn*, 728 F.3d at 1159 (second alteration in original) (quoting *Carty*, 520 F.3d at 992).

We have also emphasized that "a court's discretionary decision under the § 3553(a) factors, at step two [of the § 3582(c)(2) inquiry], *exceeds the limited scope* of a resentencing 'adjustment' applicable to step one."  *Dunn*, 728 F.3d at 1158 (emphasis added).  Therefore, although at

step one of the inquiry, a district court will "substitute only the amendments listed . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected," at step two, there are no similar limitations on what a district court may consider. *Dillon*, 560 U.S. at 827 (citation omitted).

## C.  *Intervening Developments Are Relevant to the § 3553(a) Factors*

In *Pepper*, the Supreme Court explained that an underlying principle in federal judicial tradition is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487–88 (2011) (citation omitted).  In seeking to ensure that the "punishment fit the offender," the Supreme Court explained that judges should use "the fullest information possible concerning the defendant's life and characteristics." *Id.* at 488 (citation omitted).  In a § 3553(a) factor analysis, such information should include, where applicable, post-sentencing and post-offense rehabilitation. *Id.* at 480, 488 (holding that the court of appeals' ruling prohibiting the district court from considering evidence of a defendant's rehabilitation since the initial sentencing "conflict[ed] with longstanding principles of federal sentencing law and Congress' express directives in [18 U.S.C.] §§ 3661 and 3553(a).").  It follows that in a § 3553(a) factor analysis, a district court must similarly use the *fullest information possible* concerning subsequent developments in the law, such as changes in sentencing guidelines, legislative changes to a mandatory minimum, and changes to a triggering predicate offense to ensure the punishment will "fit the crime" and critically, to ensure that the sentence imposed is also "'sufficient, but not greater than necessary' to reflect the

seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; [and] to protect the public." *Carty*, 520 F.3d at 991 (quoting § 3553(a) and (a)(2)).

Subsequent developments affecting a mandatory minimum are relevant, for example, to the "nature and circumstances of the offense," the "seriousness of the offense," the needs "to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." § 3553(a)(1), (2)(A)–(B). The "seriousness of the offense," is broad and logically includes any subsequent reevaluation of sentencing issues reflected in legislation. Subsequent legislation, such as the reduction of the mandatory minimum in the First Step Act, is a legislative reassessment of the relative seriousness of the offense. Legislative changes or guideline changes do not happen in a vacuum. They represent a societal judgment that it is necessary, from time to time, to reconsider and adjust what is an appropriate sentence consistent with the goals of the criminal justice system. Congress's legislative action through the First Step Act, reducing the mandatory minimum and requiring a higher-level predicate offense reflects a decision that prior sentences were greater than necessary.[3] Similarly, a development in the law, such as our

---

[3] *See, e.g.*, *United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020) (discussing § 3553(a) factors in a motion for sentence reduction under the First Step Act and stating that a "statutory minimum and maximum often anchor a court's choice of a suitable sentence" and "today's Guidelines may reflect updated views about the seriousness of a defendant's offense or criminal history"); *cf. United States v. Taylor*, 648 F.3d 417, 427 (6th Cir. 2011) (stating that "amendments to the Guidelines are relevant to the § 3553(a) factors," and "the Sentencing Commission's view of the defendant's offense conduct, revealed in the Commission's actions to revise the Guidelines, is highly relevant to the

holding in *Valencia-Mendoza*, is also relevant to assessing the "history and characteristics of the defendant." § 3553(a)(1). At the time of sentencing, Defendant's 2010 prior conviction was deemed a "felony drug offense." Now, under our holding in *Valencia-Mendoza*, the 2010 prior conviction would not qualify as a "felony drug offense."

Our holding today is consistent with the mandate that a district court consider the "totality of the circumstances." *Dunn*, 728 F.3d at 1159.

## II. The District Court's Order

The Government argues, alternatively, that the district court *did* consider the intervening changes to the mandatory minimum and concluded that none of the developments caused it to reconsider its original § 3553(a) factor analysis. According to Defendant, the only fair reading of the district court's order is that the district court misunderstood the breadth of *Dillon*'s second step and erroneously believed that the restrictions at step one required it to apply a circumscribed, guideline-based § 3553(a) analysis.

The district court's order is, at best, ambiguous. Defendant raised a "specific, nonfrivolous argument tethered to a relevant § 3553(a) factor," and as such, the district court was required to consider Defendant's arguments within the § 3553(a) framework.[4] *See Trujillo*,

---

district court's assessment of the nature and circumstances of the offense, § 3553(a)(1), and the seriousness of the offense, § 3553(a)(2)(A)." (internal quotation marks omitted)).

[4] To be clear, the district court could have considered the developments affecting the mandatory minimum and nonetheless concluded that a reduction in Defendant's sentence was not warranted

713 F.3d at 1009 (citation omitted).  It is not clear from the record that the district court recognized that it had the discretion to consider relevant developments in the law in a § 3553(a) factor analysis.  The district court stated that Defendant did not explain "how changes to a mandatory minimum might fit within the § 3553(a) framework."  The statement indicates that the district court misapprehended the breadth of the § 3553(a) factors.  The district court's subsequent parenthetical to *Hughes* is insufficient to overcome the erroneous statement and instead creates an ambiguity.  Because the record is not clear, remand is necessary.

## *CONCLUSION*

Because the district court appears to have erroneously concluded that it could not consider intervening developments affecting the mandatory minimum in its § 3553(a) factor analysis, we conclude that the district court abused its discretion.  On remand, the district court shall consider the fullest information possible, including the intervening changes in the law raised by Defendant, to ensure that the sentence is sufficient but not greater than necessary.

**REVERSED AND REMANDED.**

---

based on the totality of the circumstances and after considering *all* of the relevant § 3553(a) factors.