NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50183 |
| Plaintiff-Appellee, | D.C. No. 3:95-cr-00072-WQH-2 |
| v. | |
| BOBBY LEE SEHORN, AKA Lamar Athens, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted January 10, 2023
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Bobby Sehorn appeals from the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c).  We affirm.

We need not decide whether the district court erred in determining that no "extraordinary and compelling reasons" warrant a sentence reduction, 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 3582(c)(1)(A)(i), because the district court did not abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors do not support Sehorn's release. *See United States v. Wright*, 46 F.4th 938, 947 (9th Cir. 2022); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Before the district court, Sehorn presented mitigating evidence of a traumatic childhood, his post-sentencing rehabilitation (including work, volunteer, and educational history), the support of his family and friends, and the disparity between his sentence and the sentence a defendant would receive for comparable conduct today. The court was nevertheless unpersuaded. It explained:

> The nature and circumstances of this case were aggravated. Defendant was the leader and organizer of a robbery crew using firearms and violence to commit the offense. Defendant escaped arrest and continued to commit criminal offenses, including breaking and entering in Ohio, and an armed bank robbery in Los Angeles. Defendant's history and characteristics at the time of sentencing were aggravated. Defendant spent his adult life engaged in criminal activity, including numerous burglary and robbery convictions. After his incarceration in this case, Defendant continued to violate the prison rules, including explicit threats of violence, as recently as three years ago.

The district court's explicit reference to Sehorn's violation of prison rules satisfies us that the court considered Sehorn's entire post-sentencing record. Likewise, the court's discussion elsewhere of relevant changes to sentencing under 18 U.S.C. § 924(c) satisfies us that the court took note of intervening

circumstances. *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 967–68, 968 n.4 (9th Cir. 2021). Our conclusion is further supported by the fact that the district court was familiar with Sehorn's case, having ruled on two prior § 3582(c) motions and one motion for reconsideration. *See United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (per curiam).

Sehorn argues on appeal that the district court failed to adequately explain its reasoning and address his mitigation arguments. To be sure, a district court's complete failure to address "specific, nonfrivolous argument[s] tethered to" relevant § 3553(a) factors can be grounds for reversal. *United States v. Trujillo*, 713 F.3d 1003, 1009–11 (9th Cir. 2013); *see also Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (noting that a "detailed" explanation is not required). But a judge "need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Wright*, 46 F.4th at 949 (internal quotation marks omitted). In our view, that standard was met here.

**AFFIRMED.**