**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CODY JOE JONAS,<br><br>Defendant - Appellant. | No. 24-5057<br><br>D.C. No.<br>3:17-cr-00050-HZ-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Senior District Judge, Presiding

Submitted February 4, 2025**
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.
Partial Concurrence and Partial dissent by Judge BEA.

Defendant-Appellant Cody Joe Jonas appeals the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). In the

context of sentencing reductions, the U.S. Supreme Court has assumed, for the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sake of argument, that "district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence." *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018). We review for abuse of discretion, *see United States v. Lizarraras-Chacon*, 14 F.4th 961, 964–65 (9th Cir. 2021), and we affirm in part and reverse in part.

1. When sentencing, a district court may commit significant procedural error by "failing to consider the § 3553(a) factors," or by "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although similar, these two errors are analytically different. When determining if a district court considered the § 3553(a) factors, silence is at times permitted. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). However, when determining if a district court adequately explained the chosen sentence, silence is not permitted. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge

2

should normally explain why he accepts or rejects the party's position." *Carty*, 520 F.3d at 992-93.

2. Jonas argues the district court abused its discretion by committing two procedural errors. First, the district court failed to consider two 18 U.S.C. § 3553(a) factors, the amended Guidelines range and the pertinent U.S. Sentencing Commission ("Commission") policy statement. Second, the district court did not provide a sufficient explanation in response to his specific, nonfrivolous arguments regarding the amended Guidelines range and the Commission's policy statement. Jonas argued in the district court that his sentence should be proportionately lowered because U.S. Sentencing Guidelines Amendment 821 Part A lowered his amended Guidelines range. He also argued that the policy statement provided empirical evidence that he was statistically less likely to recidivate.

3. The district court did not abuse its discretion in considering the § 3553(a) sentencing factors. The district court sufficiently considered the amended Guidelines range by accepting the parties' undisputed conclusion that Jonas was now subject to a lower criminal history category and lower Guidelines range, and by acknowledging Jonas's arguments for a reduced sentence based on the lower Guidelines range. Additionally, in a footnote, the district court referenced Jonas's motion for sentence reduction and his reply to the government's response. Those filings discussed Jonas's amended Guidelines range and the Commission's policy

3

statement. Undoubtedly, the district court's order could have been clearer regarding the § 3553(a) factors it considered, but the entire order supports the presumption that it properly considered all relevant § 3553(a) sentencing factors. *See id*. at 995-96. ("Carty also maintains that, because the district court did not affirmatively state that it considered the § 3553(a) factors, we should assume that it did not . . . . This we shall not do. . . . the judge stated that he reviewed the papers; the papers discussed the applicability of § 3553(a) factors; therefore, we take it that the judge considered the relevant factors.").

4.      The district court erred by not explaining its rejection of Jonas's argument concerning the Commission's policy statement. Jonas raised a specific, nonfrivolous argument that the Commission's policy statement provided empirical evidence that he was less likely to recidivate. The district court made no mention of Jonas's argument regarding the Commission's policy statement. The district court did not offer any explanation as to why it disagreed with or disregarded the Commission's policy statement. Instead, the district court reiterated its prior findings on recidivism, which predated the Commission's policy statement. The district court's silence as to Jonas's argument is an abuse of discretion and we therefore reverse and remand. *See United States v. Trujillo*, 713 F.3d 1003, 1011 (9th Cir. 2013) ("Trujillo presented nonfrivolous arguments, and the district court did not at all explain the reasons for rejecting them; this was legal error.");

4

*Lizarraras-Chacon*, 14 F.4th at 967-68 (reversing and holding "remand is necessary" because the district court's order denying sentencing reduction "is, at best, ambiguous" and "the record is not clear").

Although the partial dissent agrees that the district court erred by failing to explain its rejection of the Commission's policy statement, the partial dissent would find the error harmless because the failure did not affect the district court's selection of the sentence imposed. As the district court said nothing, it is difficult to speculate what effect the Commission's policy statement may have had on the district court's decision, or to be convinced there would have been no effect. In such a situation, we find the more prudent action is to heed the U.S. Supreme Court's guidance that "[i]f the court of appeals considers an explanation inadequate in a particular case, it can send the case back to the district court for a more complete explanation." *Chavez-Meza*, 585 U.S. at 116.

5.    However, the district court did not abuse its discretion in explaining its rejection of Jonas's argument concerning the amended Guidelines range. The district court did not explicitly consider the greater variance between Jonas's original sentence and the amended Guidelines range. However, we infer that the district court considered the increased variance and do not find error. The district court assumed that Jonas was subject to a lower Guidelines range and explained that a reduction was not warranted under § 3553(a). The district court reiterated its

previous considerations of the § 3553(a) factors from sentencing and the denial of compassionate release, finding the seriousness of the offense, promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public justified denying the motion. "The law leaves much, in this respect, to the judge's own professional judgment," and we cannot say that the district court's explanation rejecting Jonas's amended range argument was an abuse of discretion. *Rita*, 551 U.S. at 356. Nevertheless, on remand, the best course is to independently verify the Guidelines range, consider the greater variance now applicable to Jonas, and if the district court continues to believe relief is not warranted, explain why that is the case in light of the greater variance. *See Gall*, 552 U.S. at 49, 50 (instructing district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range" and, when imposing a sentence, to "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


*United States v. Jonas*, No. 24-5057

BEA, J., concurring in part and dissenting in part:

I agree with my colleagues that the district court did not err in its consideration of the 18 U.S.C. § 3553(a) factors, particularly as they pertain to the amended U.S. Sentencing Guidelines range and the U.S. Sentencing Commission's ("Commission") policy statement on the U.S. Sentencing Guidelines Amendment 821 Part A concerning the limited value of status points in recidivism assessment ("Policy Statement"). Nor did the district court fall short in its explanation as to why it rejected Jonas's argument regarding the amended Guidelines range.

I also agree that the district court erred by failing to explain its rejection of Jonas's argument that the Commission's Policy Statement reduced the risk of his recidivism. In my view, however, that was a harmless error because it "did not affect the district court's selection of the sentence imposed." *See United States v. Crawford*, 185 F.3d 1024, 1029 (9th Cir. 1999) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

The Commission's Policy Statement found that status points "add little" to a recidivism assessment that is otherwise adequately established by a defendant's criminal history. U.S. SENT'G GUIDELINES MANUAL AMENDMENT 821. Logically, that Policy Statement does not suggest that a reduction in status points would negate such a recidivism assessment. *Id.* This plain logic calls for no "speculat[ion]."

1

Here, the district court's recidivism assessment was independently and adequately established by Jonas's lengthy criminal history, which the district court recounted in detail. I am not convinced—nor have my colleagues made such a finding—that the district court would impose a different sentence on remand, when it is simply ordered to provide "a more complete explanation" on its consideration of the Policy Statement,[1] which consideration my colleagues and I all agree the district court had presumably made in denying Jonas's motion for a sentence reduction. *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 968 (9th Cir. 2021) (finding a remand necessary because the district court there probably "misapprehended the breadth of the § 3553(a) factors"); *United States v. Trujillo*, 713 F.3d 1003, 1009–11 (9th Cir. 2013) (remanding because the district court there failed to address several factors that are critical to consider in sentencing).

In my view, a remand—though permissible—is unnecessary in this case. *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 204 (2016)). I would therefore affirm the decision below.

---

[1] My colleagues have also offered advice as to the "best course" of action available to the district court on remand.

2