NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL TYRONE NORWOOD, Jr.,

Defendant - Appellant.

No. 24-5179

D.C. No.
6:14-cr-00122-MC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted March 31, 2025[**]
Portland, Oregon

Before: LEE and FORREST, Circuit Judges, and BENCIVENGO, District
Judge.[***]

Defendant Darryl Tyrone Norwood, Jr. appeals from the district court's denial

of a sentencing reduction under 18 U.S.C. § 3582(c)(2) sought after § 4A1.1 of the

Sentencing Guidelines was amended. *See* U.S.S.G. Supp. to App. C, amend. 821.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cathy Ann Bencivengo, United States District Judge for
the Southern District of California, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

District courts may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C 994(o) . . . after considering the factors set forth in [18 U.S.C.] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). We review the district court's denial of a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 964–65 (9th Cir. 2021).

Here, the district court concluded that Norwood was eligible for a sentence reduction under the Amendment and recalculated the Guidelines range to 135 to 168 months. It then held that that a reduction was not warranted after considering several specific § 3553(a) factors. *United States v. Norwood*, No. 6:14-cr-00122-MC, 2024 WL 3784768, at *2 (D. Or. Aug. 13, 2024) (considering "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). Norwood argues that the district court erred because it did not consider the Commission's reasons for amending § 4A1.1. Even assuming

that this argument was adequately raised to the district court, no binding precedent requires a district court to consider the Commission's reasoning when analyzing whether to grant a sentencing reduction under § 3582(c)(2).[1] And Norwood makes no persuasive argument for imposing such a requirement in this case.

Therefore, we conclude the district court did not abuse its discretion in reaching this conclusion.

**AFFIRMED.**

---

[1]Norwood cites only our unpublished decision in *United States v. Jonas*, No. 24-5057, 2025 WL 521309 (9th Cir. Feb. 18, 2025). Unpublished decisions are not binding and may be cited only for their persuasive value. *See Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1195 (9th Cir. 2024); 9th Cir. Rule 36-3. *Jonas* holds only that because the district court addressed the recidivism § 3553(a) factor explicitly, it erred by not explaining its rejection of the defendant's argument concerning the Commission's policy reasons behind Amendment 821, which deal with the likelihood of recidivism. *See Jonas*, 2025 WL 521309, at *2. Norwood did not present an argument regarding recidivism to the district court and the district court did not address the recidivism factor in its decision. Therefore, *Jonas* is unpersuasive here.

24-5179