**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4257 |
| Plaintiff - Appellee, | D.C. No. 2:20-cr-00590-RGK-1 |
| v. | |
| CESAR CASTILLO-PENA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 15, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Cesar Castillo-Pena appeals the district court's denial of his motion for a

sentence reduction under a retroactive amendment to the U.S. Sentencing

Guidelines. *See* 18 U.S.C. § 3582(c)(2); U.S. Sent'g Guidelines Manual

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("U.S.S.G.") § 4C1.1(a) (U.S. Sent'g Comm'n 2021).  Reviewing his preserved

claim for abuse of discretion, *see United States v. Lizarraras-Chacon*, 14 F.4th

961, 964–65 (9th Cir. 2021), and his unpreserved claims for plain error, *see United*

*States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc), we affirm.

1.  The district court did not plainly err by finding that Castillo-Pena failed

to show that he "did not possess . . . a firearm . . . in connection with the offense."

U.S.S.G. § 4C1.1(a)(7).  As part of the factual basis for his plea, Castillo-Pena

agreed that he possessed the firearm "as part of the planned transaction."  Even if,

as he argued to the district court, his possession was "consistent with self-defense,"

his possession was still "in connection with" the drug exchange regardless of

whether he possessed the gun for self-defense in other situations.  *See United*

*States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006).

2.  The district court's failure to address Castillo-Pena's Second Amendment

argument was harmless.  Assuming that his conduct falls within the plain text of

the Second Amendment, there is "a history and tradition of regulating the

possession of firearms during the commission of felonies involving a risk of

violence," and "drug trafficking plainly poses substantial risks of confrontation that

can lead to immediate violence."  *United States v. Alaniz*, 69 F.4th 1124, 1129–30

(9th Cir. 2023).  The Guidelines' increased sentencing exposure for possessing a

firearm in connection with a drug offense does not violate the Second Amendment. *See id.*

3. U.S.S.G. § 4C1.1(a)(7) does not plainly violate the Ex Post Facto Clause. A retrospective decrease in the Guidelines range "poses no Ex Post Facto concerns," *United States v. Bautista*, 989 F.3d 698, 703 (9th Cir. 2021), because there is "no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments," *Dillon v. United States*, 560 U.S. 817, 828 (2010).

**AFFIRMED.**