NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MICHAEL ANTHONY LEBOEUF,

　　　　Defendant - Appellant.

No. 23-443

D.C. No.
4:19-cr-00209-PJH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 17, 2024[**]
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Michael LeBoeuf appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review § 3582(c)(1) sentence reduction decisions for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). A district court abuses its discretion if "it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)) (internal quotation mark omitted).

**1.** The district court did not clearly err in any of the three ways LeBoeuf asserts. *See United States v. Mercado-Moreno*, 869 F.3d 942, 959 (9th Cir. 2017) (factual findings are reviewed for clear error). First, we are not left with "the definite and firm conviction" that the district court mistook LeBoeuf to be arguing that his medical records were not accurate. *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). Reading the disputed statement in context shows the district court understood LeBoeuf's argument that he had experienced multiple gaps in receiving his prescribed medications.

Second, we are not convinced the district court mistook the impact statement by "Victim 2" for an impact statement by one of the minors identified in the plea agreement as a victim of the offenses for which LeBoeuf was convicted. Notwithstanding the government's arguably confusing use of similar labels for different minors sexually involved with LeBoeuf, Victim 2's statement clearly referred to events surrounding the 2018 search of LeBoeuf's residence—long after

the 2012 and 2013 conduct underlying the charged offenses. In denying a previous motion for compassionate release by LeBoeuf, the same district court judge expressly distinguished between LeBoeuf's "offense conduct" and his more recent "predatory conduct" as described by "another victim." And in opposing the present motion, the government repeatedly reminded the district court that Victim 2 served as an example of LeBoeuf's continued predatory conduct since the charged offenses—not one of his original victims. Given this background, we do not read the district court's denial order as revealing a misunderstanding of who Victim 2 was.

Third, the district court did not clearly err by relying on the settlement of a class action regarding conditions at the Federal Correctional Institution in Lompoc—where LeBoeuf has been confined—to reject his argument that his sentence had become overly punitive. LeBoeuf concedes that the injunctive relief ordered in that settlement incorporated an expert's recommendations to resolve at least one of the conditions LeBoeuf complained of in his motion: punitive medical isolation for reporting COVID-19 symptoms. While that was not the only condition LeBoeuf's motion complained of, it was not clear error for the district court to view the class action settlement as lessening the degree of punishment involved in LeBoeuf's continued imprisonment.

**2.** The district court sufficiently explained its reasons for denying

compassionate release based on its conclusion that a sentence reduction was not warranted under the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Wright*, 46 F.4th 938, 945, 947 (9th Cir. 2022) (compassionate release may be denied under any prong of the § 3582(c)(1)(A) framework).

LeBoeuf argues that the district court procedurally erred in failing to address several arguments he raised relating to certain § 3553(a) factors. *See United States v. Trujillo*, 713 F.3d 1003, 1005 (9th Cir. 2013) (holding that a district court erred in "failing to explain at all its rejection of [the defendant]'s arguments based on the § 3553(a) sentencing factors"); *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) ("[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor . . . then the judge should normally explain why [s]he accepts or rejects the party's position.").

Although LeBoeuf's motion raised "specific, nonfrivolous arguments" related to relevant sentencing factors, there was not a "total omission" of these arguments in the district court's denial order. *Trujillo*, 713 F.3d at 1009–10. Rather, the district court accurately summarized in detail many of LeBoeuf's arguments and then explained at length why the seriousness of LeBoeuf's offenses and the need to avoid unwarranted sentencing disparities supported maintaining the high-end Guidelines sentence originally imposed. While the district court did not explicitly address and respond point-by-point to each of LeBoeuf's arguments, its

discussion makes clear the reasons the district court rejected those arguments after "reason[ing] through" them. *Concepcion v. United States*, 597 U.S. 481, 501 (2022) (internal quotation marks and citation omitted); *id.* (sentencing court need not "expressly rebut each argument made by the parties" (internal quotation marks and citation omitted)).

In addition, the effect of the denial was to maintain a within-Guidelines sentence, which generally requires less explanation. *See Chavez-Meza v. United States*, 585 U.S. 109, 113–14 (2018); *cf. Trujillo*, 713 F.3d at 1010 n.5 (noting result of denial was an above-Guidelines sentence). Furthermore, the overall context and record of the case—including the district court's high level of familiarity, having presided over LeBoeuf's original sentencing and prior § 3582(c)(1) motion—make clear why the court found the § 3553(a) factors did not support relief. *See Chavez-Meza*, 585 U.S. at 118–19; *Wright*, 46 F.4th at 952; *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (noting that a "minimal explanation" for denying a § 3582(c)(2) motion suffices "in light of the deference due to the judge's professional judgment and the context of a particular case").

Finally, we reject LeBoeuf's contentions that the district court failed to address his arguments for enhanced supervision, similar to home confinement, and his alternative request to reduce his sentence to the statutory minimum of 60 months. The district court's well-explained reasons for maintaining a high-end

Guidelines sentence are dispositive of the alternative statutory-minimum request. And even though LeBoeuf presented substantive arguments for home confinement, his motion did not discuss "the efficacy of those conditions as a mechanism of *deterrence*, or how a condition of home confinement might serve as a 'substitute for imprisonment' and address the district court's pronounced penological concerns." *Wright*, 46 F.4th at 951–52 (emphasis added) (noting that granting a time-served sentence is a "necessary predicate" to a home confinement request). As in *Wright* and *Chavez-Meza*, the district court's "response is made obvious by the record" of LeBoeuf's original sentencing and the district court's explanation for denying sentence reduction. *Wright*, 46 F.4th at 952 n.13 (analogizing to *Chavez-Meza*, 585 U.S. at 118–19).

Applying the deferential abuse of discretion standard, we conclude that the district court's explanation of its decision is adequate to allow us to review its rationale for denying each form of relief LeBoeuf requested. *See Rita v. United States*, 551 U.S. 338, 356–57 (2008).

**AFFIRMED.**