NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 13 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON CHRISTOPHER
WILLIAMS, AKA Tricky,

Defendant - Appellant.

No. 23-1365

D.C. No.
8:20-cr-00176-SVW-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 11, 2024[**]
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Brandon Williams appeals his 188-month sentence for one count of

conspiracy to distribute methamphetamine. He argues that the appellate waiver in

his plea agreement does not bar his appeal. He also argues that the district court

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

committed procedural error by failing to adequately address the 18 U.S.C § 3553(a) sentencing factors and failing to adequately explain the sentence.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Because Williams did not object at his change-of-plea hearing or sentencing, we review his challenges for plain error. *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002); *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006). We affirm.

Even assuming that Williams's appellate waiver in his plea agreement does not bar this appeal, Williams does not prove that the district court plainly erred by failing to adequately address the § 3553(a) factors or explain the sentence. Though the district court provided minimal explanation for selecting the high end of the guidelines range, the explanation can be inferred from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). First, the court stated that it considered the § 3553(a) factors and identified the factors it considered. *See Rita v. United States*, 551 U.S. 338, 356 (2007). It also highlighted the dangerousness of the drug offenses and the length of time the conspiracy lasted. Next, the district court imposed a sentence within the guidelines range, which typically requires a lesser explanation. *See id.* ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). Last, Williams did not provide substantial argument or evidence in favor of a reduction. *Cf. United States*

*v. Trujillo*, 713 F.3d 1003, 1009–11 (9th Cir. 2013) (holding that a defendant's "fairly extensive arguments and evidence" in support of a lower sentence warranted a more thorough explanation by the district court). Thus, like the sentencing judge in *Rita*, the district court "listened to each argument[,] . . . considered the supporting evidence," and then "simply found these circumstances insufficient to warrant" a lower sentence. 551 U.S. at 358.

Moreover, Williams does not prove that his substantial rights were affected by the district court's explanation of the sentence, which is required on plain error review. *See United States v. Carr*, 761 F.3d 1068, 1083 & n.10 (9th Cir. 2014).

**AFFIRMED.**