NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4127 |
| Plaintiff - Appellee, | D.C. No. 6:11-cr-60144-AN-1 |
| v. | |
| JOHN CHRISTOPHER NORTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted August 21, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

John Christopher Norton appeals the sentence imposed by the district court

upon its revocation of his supervised release. The district court properly found that

Norton violated four conditions of his supervised release: failing to attend a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

scheduled drug test, possessing a controlled substance, associating with people engaged in criminal activity, and committing a new law violation of drug possession. Norton claims that the district court procedurally erred at sentencing when it improperly considered his position of neither admitting nor denying the new law violation, possession of a controlled substance, and association with people engaged in criminal activity. He also claims the district court failed to adequately explain its sentence and engage with his mitigation arguments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

When reviewing a sentence, we first "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review de novo "whether the district court provided an adequate statement of reasons for the sentence." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). The district court procedurally errs when it relies on clearly erroneous sentencing factors, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), or fails to adequately explain the reasons for imposing a particular sentence or to engage with mitigation arguments presented in favor of a different sentence, *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013). When a district court sentences an individual following the revocation of supervised release, it must consider the relevant sentencing factors as identified in 18 U.S.C. §§ 3553(a) and 3583(e). The court may sanction a defendant "for his breach of

trust, but may not punish him for the criminal conduct underlying the revocation."
*United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007 (quoting *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006)).

1.  Norton argues that the district court relied on impermissible sentencing factors by considering that he neither admitted nor denied the violations of law and the conditions of his supervised release.  An individual's exercise of a constitutional right cannot be used as an aggravating factor in sentencing, *see Chaffin v. Stynchcombe*, 412 U.S. 17, 24 (1973) ("Under our constitutional system it would be impermissible for the sentencing authority to mete out higher sentences . . . as punishment for those who successfully exercised their right[s.]"); however, a defendant's acceptance of responsibility (or lack thereof) is an appropriate sentencing consideration, *see, e.g.*, U.S.S.G. § 3E1.1.

Norton argues that the district court burdened his Fifth Amendment right to remain silent and statutory right to a revocation hearing when it considered his refusal to admit or deny the alleged violations.  Norton is wrong.  The district court recognized and appropriately cabined Norton's rights when it considered Norton's failure to admit the violations only for proper sentencing considerations, and, therefore, did not commit procedural error.

2.  Norton argues that the district court procedurally erred by failing to adequately explain its sentence and consider his mitigation arguments.  A district

court is required "to provide a sufficient explanation of [its] sentencing decision," *Trujillo*, 713 F.3d at 1009, and a failure to "adequately explain the chosen sentence" constitutes "significant procedural error." *Gall*, 552 U.S. at 51. But "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The "district court need not tick off each of the § 3553(a) factors to show that it has considered them" nor "articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence." *Carty*, 520 F.3d at 992.

Norton's new law violation constituted a Grade A violation, which, coupled with his criminal history category, produced a guidelines range of 33 to 41 months. U.S.S.G. § 7B1.4. Because Norton's underlying offense was a Class C felony, the district court was limited to imposing a 24-month sentence. 18 U.S.C. § 3583(e)(3). The court sentenced Norton to 24-months' imprisonment, which falls within the statutory requirements.

Because the district court heard defense counsel's arguments and weighed the proper sentencing factors when deciding on an appropriate sentence, it did not procedurally err. *Rita*, 551 U.S. at 356 (The district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.").

**AFFIRMED.**[1]

---

[1] Because we affirm the sentence imposed by the district court, we do not address Norton's request to reassign this case to a different district judge on remand.